RONAHO CORPORATION, Plaintiff, *v.* DOROTHY MORSE, Defendant.

Supreme Court, Special Term, Kings County, December 18, 1945.

---

* *De Marco* v. *Seaman,* 157 Misc. 390.

*Maxwell Wyckoff* for plaintiff.

*H. Jules Coburn* for defendant.

C. A. JOHNSON, J.   Motion for judgment on the pleadings, upon the ground that the defense pleaded in the answer is insufficient in law upon the face thereof.

The action is for a judgment declaring the rights and legal relations of the parties to the action.   In February, 1944, the plaintiff, as landlord, and the defendant, as tenant, entered into an agreement for the lease of business premises in the borough of Brooklyn, city of New York, for a term commencing February 1, 1944, and ending three years and ten months after the date of cessation of hostilities between the United States and Germany, whether by armistice or surrender.   The lease provided for graduated increases of rental after the cessation of such hostilities.   About July 30, 1945, the plaintiff-landlord demanded that the tenant pay the increased rent.   The tenant refused, not because of any dispute as to the meaning of the lease but because it was claimed that the increase of rent was prohibited by the provisions of chapter 314 of the Laws of 1945, known as the Business Rent Law.   This statute, by subdivision (e) of section 2 thereof, defines emergency rent as " The rent reserved or payable under any lease, agreement or tenancy of business space in force on June first, nineteen hundred forty-four, plus fifteen per centum of such rent ".   No authority has been brought to the court's attention to the effect that this statute was intended to make illegal or unenforcible a provision for increase of rent contained in a lease in effect on the date mentioned in the statute, and the language of the statute seems not to justify any such interpretation.

The motion for judgment on the pleadings in favor of the plaintiff is, therefore, granted.

Settle order on notice.

(On reargument, February 18, 1946.)

Motion for reargument granted and, upon such reargument, the decision previously rendered is adhered to and made the decision of the court upon this motion.

The defendant, in support of this motion, has brought to the court's attention the decision rendered on January 18, 1946, by the Appellate Division, First Department, in *Adams* v. *Riker Operating Co.* (270 App. Div. 755).   That action was brought to recover a balance of rent allegedly due on premises occupied by the defendant under a lease from the plaintiff for a period

of ten years beginning March 1, 1936, and ending February 28, 1946. On February 7, 1943, the landlord and the tenant entered into an agreement modifying the provisions with respect to the payment of the rent reserved and reducing such rent for the period beginning March 1, 1943, and ending February 28, 1945, which agreement was in effect on June 1, 1944, the date fixed by the rent control statute as the time for computing emergency rent (Business Rent Law, L. 1945, ch. 314). The modification agreement further specifically provided that " except as herein modified, all of the terms, covenants and conditions of said lease shall be, remain and continue in full force and effect ". The question involved was whether, after February 28, 1945, the tenant was obligated to pay rent at the rate fixed by the original lease for the period March 1, 1945, to February 28, 1946, or whether emergency rent was payable on the basis of the rate in effect on June 1, 1944.

The plaintiff, Adams, made a motion for summary judgment which was denied by Mr. Justice Irving L. Levey (N. Y. L. J., Aug. 17, 1945, p. 310, col. 3) without opinion other than a reference to *Twentieth Century Associates* v. *Waldman* (294 N. Y. 571). The Appellate Division, First Department, affirmed without opinion (270 App. Div. 755, *supra*).

An examination of the record on appeal in *Twentieth Century Associates* v. *Waldman (supra)* discloses that the lease there involved was made on November 28, 1944, to commence February 1, 1945. Accordingly, although the lease was executed before January 24, 1945, when the rent control statute became effective, it was also executed within the period during which the statute appears to declare the existence of an emergency. I do not regard the decision in that case, therefore, as authority for a determination invalidating the provisions of a lease executed prior to the development or existence of the condition of emergency described in the statute. I do not understand that the purpose of the statute was to relieve tenants of obligations assumed long before the creation of the emergency; rather, it was the purpose of the legislation to eradicate the evils arising from a destruction of liberty of contract between landlords and tenants found by the Legislature to have arisen because of the war. Leases executed before the development of the emergency by voluntary contract of the parties and not under any compulsion arising from war conditions would seem to be unregulated by the statute and, if there was any intent to affect the provisions of such leases, I should regard the legislation as unconstitutional. That situation, however, as previously indi-

cated, was not involved in *Twentieth Century Associates* v. *Waldman* (*supra*).

*Adams* v. *Riker Operating Co.* (*supra*) bears a closer resemblance upon the facts to the instant case. However, it seems to have been regarded as falling within the principles involved in *Twentieth Century Associates* v. *Waldman* and neither court which considered the question saw fit to discuss the subject further. For the reasons already stated, I do not regard either of those decisions as controlling in the instant case.

Settle order on notice.